IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA SMITH, | : | |
|     Plaintiff | : | No. 1:14-cv-01329 |
| | : | |
| | : | (Judge Kane) |
| | : | (Chief Magistrate Judge Schwab) |
| SNYDER COUNTY PRISON, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

From August 5, 2013 to August 8, 2013, Plaintiff Amanda Smith was incarcerated at Snyder County Prison in Selinsgrove, Pennsylvania. (Doc. Nos. 46 ¶ 1; 51 ¶ 1.) After completing her intake medical screening, Plaintiff was placed on an "opiate detox protocol" at the instruction of medical personnel from PrimeCare,[1] the contracted provider of medical care to Snyder County Prison inmates. (Doc. Nos. 46 ¶¶ 4, 18, 20, 22-23; 51 ¶¶ 4, 18, 20, 22-23.) Initially, Plaintiff was housed at a female housing wing called the "E Wing." (Doc. Nos. 46 ¶¶ 16-17; 51 ¶¶ 16-17.) On August 6, 2013, after complaining of dizziness and falling down, Plaintiff was transferred to the female restricted housing unit ("RHU") called the "D Block." (Doc. Nos. 46 ¶¶ 29-30, 38-39; 51 ¶¶ 29-30, 38-39.)

While placed in the RHU, the "opiate detox watch" order remained in place, Plaintiff received prescription medications, and Plaintiff was evaluated and "monitored for withdrawal symptoms" by medical staff each day. (Doc. Nos. 46 ¶¶ 44-47, 49; 51 ¶¶ 36, 44-47, 49.) Plaintiff fell again on August 7, 2013. (Doc. Nos. 46 ¶ 51; 51 ¶ 51.) Plaintiff was transported to a local community hospital where she received a diagnosis of narcotics withdrawal, back pain,

---

[1] The record reveals that a PrimeCare certified physician assistant made the decision to place Plaintiff on an opiate detox. (Doc. Nos. 46 ¶ 22; 46-4, Tr. at 15: 23-25; 24: 16-25; 27: 7-16; 38: 16-21; 46-5, Tr. at 10: 3-14; 30: 5-8; see Doc. No. 51 ¶ 22.)

1

and hyperventilation. (Doc. Nos. 46 ¶¶ 52-53; 51 ¶¶ 52-53.) On August 8, 2017, Plaintiff was released from the Snyder County Prison. (Doc. Nos. 46 ¶ 58; 51 ¶ 58.)

On September 12, 2014, Plaintiff filed an amended complaint under 42 U.S.C. § 1983 against Defendants Snyder County, Ruth Rush, Shawn Cooper, Snyder County Prison Board, and John and/or Jane Doe, alleging inter alia that her Eighth Amendment rights were violated during the August 2013 placement at Snyder County Prison. (Doc. No. 5 ¶¶ 7, 11-12.) Her amended complaint asserts two counts under the Eighth Amendment for cruel and unusual punishment (Count I) and for denial of medical care (Count II), a count alleging deprivation of the right to equal protection under the Fourteenth Amendment (Count III), and a count asserting a Monell claim (Count IV). (Id.) On October 31, 2016, Defendants filed a motion for summary judgment on all counts of Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 44.)

Before the Court is the July 17, 2017 Report and Recommendation of Chief Magistrate Judge Schwab, recommending that Defendants' motion for summary judgment be granted. (Doc. No. 54.) Chief Magistrate Judge Schwab also noted that the "John and/or Jane Doe Defendants" should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failing to identify and effect service of process of them.[2] (Id. at 2 n.1.) On July 31, 2017, Plaintiff filed objections to the Report and Recommendation contending that Chief Magistrate Judge Schwab erred by "weighing the evidence and making credibility determinations" in her analysis of Defendants' motion for summary judgment. (Doc. No. 55.) In her brief in support of her objections, Plaintiff cites two examples of the "heightened standard of proof" that Chief

---

[2] In her brief in opposition to Defendants' motion for summary judgment, Plaintiff concedes that "Defendants John and Jane Doe" should be dismissed pursuant to Rule 4(m). (Doc. No. 52 at 1.)

2

Magistrate Judge Schwab reportedly applied in the Report and Recommendation. (Doc. No. 56 at 2-3.)

First, Plaintiff argues that Chief Magistrate Judge Schwab erred in her equal protection analysis by affording Defendants' assertions disproportionate weight. (Id. at 3-4.) Specifically, Plaintiff reasons that "Plaintiff was immediately singled out" for "her transgendered status," Plaintiff may have been improperly been placed on opiate detox, and Plaintiff established that some women "went through opiate withdraw in general population." (Id. at 3-4.) Second, Plaintiff argues that Chief Magistrate Judge Schwab erred in concluding that Plaintiff failed to identify a policy for purposes of Plaintiff's Monell claim. (Doc. No. 56 at 4.) Plaintiff maintains that she identified Snyder County Prison's policy of "permitting non-medical staff to segregate inmates for medical reasons and to make decisions on medical grounds." (Id.)

Upon careful review of the Report and Recommendation, the Court finds that Chief Magistrate Judge Schwab correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and Recommendation. (Doc. No. 54 at 5-7, 10-11, 41-48 & n.5.) The Court will not write separately to address Plaintiff's objections. **AND NOW**, upon independent review of the record and applicable law, on this 3rd day of August 2017, **IT IS ORDERED THAT**:

1. Chief Magistrate Judge Schwab's Report and Recommendation (Doc. No. 54), is **ADOPTED**;

2. Defendants Snyder County, Ruth Rush, Shawn Cooper, Snyder County Prison Board's motion for summary judgment (Doc. No. 44), is **GRANTED**;

3. Defendants John and/or Jane Doe are **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m); and

4. The Clerk of Court is directed to enter **JUDGMENT** in favor of Defendants Snyder County, Ruth Rush, Shawn Cooper, Snyder County Prison Board and against Plaintiff Amanda Smith.  The Clerk of Court is directed to **CLOSE** the above-captioned case.

                                                                   <u>s/ Yvette Kane</u>
                                                                     Yvette Kane, District Judge
                                                                     United States District Court
                                                                     Middle District of Pennsylvania